This is Appeal 22-10-53. Mr. Jensen, good morning. Good morning, Your Honor. I'm Attorney Jeffrey Jensen and I represent Maurice Curtis. I think we can all agree that the defendant's constitutional right to testify in a criminal trial doesn't include the right to commit perjury or to testify falsely. That's not the issue. But the fact that the defendant's constitutional right to present evidence is implicated is an important consideration because before the obstruction of justice enhancement ought to be applied, I think there should be a clear demonstration in the record that the defendant's testimony was false and also that it amounted to perjury. Are you saying that the preponderance of the evidence standard that applies at sentencing shouldn't apply for this particular enhancement if it's based on perjury during testimony? What I had in mind when I said that, Your Honor, was the requirement that the district court judge make specific findings of fact concerning what testimony was false and why it was false. Maybe it's not so much the burden of proof but the record that needs to be made. The record needs to demonstrate that the defendant's statements during his testimony are false. And so the issue in this appeal, I think, is elegant in its pure simplicity. Mr. Curtis made no statements during his testimony that the record demonstrates to be false. What about his testimony? Was that your pistol? No, not at all. Did you put it there? No, not at all. Did you know whose pistol it was? It had to be one of the fellas out there. And the court, the jury, first of all, found him guilty based beyond a reasonable doubt that he was a felon in possession of the pistol. And the district court noted the jury's verdict and the fact that there was DNA on there in making its determination that this was perjury. I'm not sure what else could have been done or you think should have been done to meet a preponderance of the evidence standard. Okay. There was the assertion that he did not own the pistol. And there was utterly no evidence. But he wasn't convicted for owning the pistol. Right, so that can't be a false statement. Well, it could be a false statement, but it's not what the conviction was for. And it's not what the court based its finding on. He testified that he didn't possess the pistol during the dice game. And he wasn't indicted only for possessing it during the dice game. And there is case law that holds that a misleading but technically true statement is not perjury for the purposes of the case. He testified to much more beyond that. He said, was that your pistol? No, not at all. That's not saying I didn't touch it during the dice game. That's saying it wasn't my pistol and I didn't put it there. That's much broader. He said he didn't own the pistol. He said he didn't possess it during the dice game. He said he didn't put it behind the garbage can. He didn't touch his waistband. And he never touched the pistol. Now, touching is not required in order to establish possession. You possess something if it's an area under your dominion and control. You know it's there and you intend to possess it. So that is not a categorical statement that I never possessed the pistol. Can you focus solely on the two of the statements that Judge St. Eve asked you about? Question. Was that your pistol? Answer. No, not at all. Question. Did you put it there? Answer. No, not at all. Right. There is no admission by Mr. Curtis that he owned the pistol. Or there is no independent evidence that he owned the pistol. So I think that statement is not demonstrated to be false. Did you put it there? Did you put it there? No, not at all.  And there was no evidence. And the jury convicted him of possessing. There is no evidence in this record to show that Maurice Curtis put it there. The testimony of the officers who came onto the scene was to the effect, I saw a black square in his hand near his waistband, unlike I think it was the Stokes case where the police rode up on the scene, saw the defendant drop something, it made a clink like a gun, they saw it slide under the car, and they immediately shined the light on it. That's pretty clear evidence. What about the DNA match? Right. The DNA permits an inference that Mr. Curtis touched it, but it doesn't demand that inference, especially on this record, because Alan Freedman testified that there's the... But it's not a demand that inference standard. It's a, has he established by a preponderance of the evidence that he committed perjury. And the officers saw him with something black and shiny. He walks behind the trash can. They saw him walk behind it. He comes back out. They go behind the trash can. They find the gun, and it has his DNA evidence on it. That sounds like more than preponderance of the evidence. Yes, but that's the reason I let off with the remarks that I let off with is because I don't think a district judge can say, I don't believe the defendant's testimony and neither did the jury, because there's case law that says merely finding, applying the enhancement because the defendant testified to his innocence and the jury's not giving it. I don't think that's what the district court judge did here, and I'm looking specifically at the transcript, okay, on pages 8 and 9. The judge here makes a finding that the defendant offered false testimony, and then he specifically, on page 9, is referencing pinpoint citations in the PSR of statements that the court found to be false. So I think the district court made the record, and he's made a finding. These are false statements. I'm not sure of your distinction. What distinction are you drawing? The distinction is the application or finding of perjury and the application of the enhancement requires more than the judge saying, I heard the defendant's testimony, I don't believe it, and neither does the jury. I think the record has to show there is an admission by the defendant that it was false. I think that happened in Stokes' case. I think it has to be a showing that the defendant's testimony is contrary to all of the rules of physics and things of that nature, or that it is irreconcilable in light of other credible evidence in the record, and that's the point I'm trying to make. That sounds like a lot more than preponderance of the evidence, which is the standard here. And we've never said there's a higher standard for the perjury enhancement than for any other enhancement at sentencing. But the court has said multiple times that the finding of perjury and the application of the enhancement requires more than that the defendant testified to his innocence and the jury found him guilty. And when you are saying the judge made pinpoint citations to things he didn't believe and neither did the jury, I think that comes perilously close to saying we're applying the enhancement simply because Curtis testified the judge didn't believe it and neither did the jury. But the judge explained why his testimony was not believable based on the other evidence. Yeah, and it's not cast in terms of I don't believe. It's cast in terms of findings that say this exact testimony is materially false. Yes, I agree the judge said that. He made that finding. But I am disagreeing that the record proves that that statement is materially false because everything that Curtis said can be true depending on which inference you draw based on the evidence. Even though a jury concluded beyond a reasonable doubt that his account was not credible. Yes, they did. But that does not necessarily mean that the obstruction enhancement ought to be applied because Curtis testified. Mr. Jensen, quick question. Why wouldn't, even if you're right, why wouldn't it be harmless given the judge's statement at the end of sentencing that the same sentence would have been handed down even without this enhancement? Our case law is pretty clear. Right. The answer to that is because the district court judge believed that the obstruction enhancement applied and with the application of that enhancement, the proper sentence was 77 months. If the court of appeals holds that the obstruction enhancement should not have been applied, then it stands to reason that something less than 77 months is the appropriate sentence even though the 77 months is within the guideline range. And it might only be a difference of a few months, but if you're Mr. Curtis, that makes a difference. It's not harmless. Okay. Mr. Jensen, we'll give you a minute for rebuttal, and we'll hear now from the government. Okay. Thank you. May it please the court, Rebecca Tableson on behalf of the United States. While under oath, Maurice Curtis lied unequivocally and repeatedly about the only disputed issue in this case, whether he possessed the firearm that police found behind a trash can where he had been standing moments earlier. This was not a subtle case of constructive possession in which the evidence could have been differentiated between touching and owning versus control. Instead, the evidence in this case was that Mr. Curtis walked behind a trash can, removed a gun from his waistband, placed it down behind the trash can, police there recovered it, and his DNA was on the gun. That evidence was irreconcilable with Mr. Curtis' testimony. Was that your pistol? No, not at all. Did you put it there? No, not at all. Do you know whose pistol it was? It had to be one of the fellows who was out there or on cross. Mr. Curtis, you did not reach into your waistband behind the trash can? Not at all. And you did not put anything down behind the trash can? No, not at all. Mr. Curtis, your testimony is that you never touched that gun. Is that correct? Correct. Perhaps even worse, Mr. Curtis also concocted a story to explain why he was behind the trash can and perhaps why his DNA was on the gun. He testified that he and 13 to 14 other men had been repeatedly urinating there while gambling that evening, but the area was dry, the gun was dry, and nothing smelled like urine. That false testimony earned Mr. Curtis a perjury enhancement under 3C1.1. This court has affirmed the application of 3C1.1 in very analogous circumstances, including the strikingly similar case of the United States against Stenson. Mr. Curtis' claim that he didn't lie fails under any standard of review. The record supports the district judge's specific credibility determinations. Indeed, on these facts, it would have been clear error not to apply 3C1.1. If there are no questions from any of the honors, I will respectfully ask this court to affirm the judgment below. Thank you. Thanks to you, Mr. Jensen. We'll give you a minute if you'd like it. Okay, very well. Mr. Jensen, is the court correct that you took this case on appointment? Yes, Your Honor. You have our thanks for your service to the court and to your client. Thank you very much. I appreciate it. You're welcome. Okay, we'll move.